# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2018

Lyle W. Cayce
Clerk

No. 17-40729
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-998-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Antonio Torres pled guilty to the count of his indictment that charged him with possessing methamphetamine with the intent to distribute and aiding and abetting. He received a below-Guidelines prison term of 240 months and a five-year term of supervised release. Raising five issues, Torres challenges his conviction and sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40729

In his initial two assignments of error, Torres argues for the first time that there was an inadequate factual basis supporting a conviction for the substantive drug trafficking offense, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and the aiding-and-abetting offense, 18 U.S.C. § 2. More particularly, he contends that, in light of *McFadden v. United States*, 135 S. Ct. 2298 (2015), the Government that (1) he knew he was dealing with a drug listed on the federal drug schedules, even if he did not know the specific identity of the drug, or (2) he knew the identity of the substance.

Knowledge of the type and quantity of a controlled substance is not an element of a Section 841(a)(1) offense. *United States v. Gamez-Gonzalez*, 319 F.3d 695, 699–700 (5th Cir. 2003). It is not clear or obvious that *McFadden* extends beyond application of the Controlled Substance Analogue Enforcement Act or that it changes our precedent in non-analogue cases. *See McFadden*, 135 S. Ct. at 2302. Given Torres's admissions at rearraignment that he knew he was transporting a controlled substance, he has not shown that the district court plainly erred in determining that there was a sufficient factual basis to satisfy the knowledge element of his Section 841(a) offense. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Accordingly, we do not consider Torres's argument concerning the aiding-and-abetting offense.

Next, Torres argues that the district court erred in denying a mitigating role adjustment under U.S.S.G. § 3B1.2. The record includes factors favoring granting the adjustment and some counseling against the adjustment. It was within the district court's discretion to decide how to weigh the factors. *See United States v. Torres-Hernandez*, 843 F.3d 203, 210 (5th Cir. 2016). Because the record, read as a whole, supports a plausible judgment in either direction, the district court's denial of a role adjustment was not clearly erroneous. *See id.* at 207, 209–10.

No. 17-40729

In his fourth assignment of error, Torres argues that the district court plainly erred in assessing two criminal points based on a finding that he committed his instant offense while there was an outstanding state court warrant to revoke the probationary term imposed in a prior case. Because Torres has withdrawn this claim, we do not review the issue.

Finally, Torres argues that the district court assessed a special condition of supervised release that was an impermissible delegation of judicial authority. Even if the district court's oral pronouncement at sentencing regarding Torres's participation in a substance abuse treatment program constitutes plain error affecting Torres's substantial rights, we decline to exercise our discretion to correct this unpreserved error. We base our decision on the nature of the offense, Torres's history of substance abuse, the district court's recommendation that Torres participate in the Residential Drug Abuse Program in prison, and the court's wording of the special condition in the written judgment, which omits language that we have previously deemed problematic. *See United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009).

AFFIRMED.